IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

January 27, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9801-CC-00003 |
| | ) | |
| | ) | Rutherford County |
| v. | ) | |
| | ) | Honorable J. S. Daniel, Judge |
| | ) | |
| THOMAS CUNNINGHAM, | ) | (Sentencing) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Lionel R. Barrett, Jr.
Washington Square Two
Suite 418
222 Second Ave., N.
Nashville, TN 37201
(ON APPEAL)

John B. Melton, III
120 E. Main St., Third Floor
Murfreesboro, TN 37133
(AT TRIAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Lisa A. Naylor
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

William C. Whitesell, Jr.
District Attorney General
        and
Paul Holcombe
Assistant District Attorney General
Rutherford County Judicial Bldg.
Murfreesboro, TN 37130

OPINION FILED:_____

AFFIRMED IN PART, FORFEITURE VACATED,
REMANDED FOR FURTHER PROCEEDINGS

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Thomas Cunningham, was convicted by a jury in the Rutherford County Circuit Court of illegal possession of commercial fishing gear and illegal possession of game fish, both Class B misdemeanors. The trial court sentenced the defendant to six months in the workhouse at seventy-five percent for each offense, to be served consecutively, suspended after seven days' confinement. Also, the defendant was fined a total of seven hundred fifty dollars, had his fishing license suspended for one year, and was prohibited from entering or going near Percy Priest Lake, the site of the offenses, for one year. Finally, the trial court ordered the defendant's boat, motor, and gill net forfeited. In this appeal as of right, the defendant challenges the imposition of seven days' confinement and the forfeiture. We affirm the sentences, but we vacate the forfeiture and remand the case to the trial court.

At the sentencing hearing, the defendant admitted to December 1994 convictions for illegal possession of game fish, illegal possession of commercial fishing gear, and illegal use of commercial fishing gear. These offenses were also committed on Percy Priest Lake. He received full probation for these convictions and was allowed to retain his boat, motor, and trailer. He was also permitted to retain his fishing license. The offenses in the present case were committed in February 1997. The defendant explained that his criminal actions were necessary to provide for his seriously ill wife.

> In imposing sentence, the trial court found as follows:
>
> Okay. This was an unusual case that presented some compelling issues. Number one, [the defendant], basically, is totally wrong. He has violated the law callously, and he uses to some extent his wife's condition to justify that. And I'm very sympathetic with his wife, and I can understand her concern and their concern for her health.
>
> But in the face of having been convicted a short period of time before, he's back at it again not only commercial fishing in an area not allowed but with illegal equipment after having

2

previously had a similar conviction. So, with that type of callous disregard to the law, the sentence imposed in each count is 6 months, 75 percent. They run consecutive to each other. There has to be serious penalties imposed against those who violate the law.

The trial court was obviously concerned that the defendant had not learned his lesson from his previous sentence of full probation.

In this appeal, our review is de novo with a presumption that the trial court's findings are correct. See T.C.A. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant, as the appellant, to show that he was improperly sentenced.

Although the defendant was eligible for full probation, the trial court also had the authority to order a portion of the sentence to be served in confinement. See T.C.A. § 40-35-302(e). In this respect, confinement is appropriate when it is necessary to avoid depreciating the seriousness of the offense and when less restrictive measures have recently been applied unsuccessfully. See T.C.A. § 40-35-103(1)(B)-(C).

In the present case, the defendant essentially wants the same sentence he received the last time he committed the same offenses. Although an important sentencing principle is to encourage effective rehabilitation, see T.C.A. § 40-35-102(3)(c), the grant of full probation the last time obviously did not succeed in rehabilitating the defendant. To the contrary, his conduct indicates that he thought that he could continue to violate the law without consequence. The trial court correctly determined that the defendant needed a sterner punishment this time in order to learn his lesson.

The defendant next contends that there is no statutory authority for the forfeiture of his boat, motor, and gill net and that even if there is, this is too severe a

punishment. The record reveals that the trial court ordered the defendant's gill net, boat, and outboard motor declared contraband pursuant to T.C.A. § 70-6-201. As contraband, the items were ordered delivered to the Director of the Tennessee Wildlife Resources Agency for sale.

Pursuant to 70-6-201, items used to violate wildlife resources commission laws or regulations are subject to seizure and forfeiture. "Upon conviction, the court or jury trying the case shall . . . determine whether or not the things seized shall be declared contraband." T.C.A. § 70-6-201(c)(1). Upon being declared contraband, the property is delivered to the executive director of the agency for advertisement and sale. See T.C.A. § 70-6-201(c)(2). In other words, there is ample statutory authority for a forfeiture of the defendant's equipment.

Also, we disagree with the defendant's contention that the forfeiture was too severe. As previously indicated, one goal of the defendant's punishment was to insure that he did not repeat these crimes again. The forfeiture was appropriate to remedy any concerns about future problems.

However, the forfeiture must be initiated upon the decision of whoever tried the defendant: in this case, the jury. The record on appeal indicates that the trial court declared the items contraband and ordered their sale. If the jury did not declare the fishing equipment to be contraband, then the trial court was without authority to do so during sentencing. However, the record does not contain a transcript of the defendant's trial. Thus, we do not know if the jury took the initial action that was then repeated by the trial court in its order. Under such a circumstance, the forfeiture would be affirmed.

4

Therefore, the forfeiture order is vacated and the case is remanded to the trial court for a determination of whether the jury declared the defendant's boat, motor, and gill net contraband and for further proceedings as needed.  The judgment of the trial court is in all other respects affirmed.


_____
Joseph M. Tipton, Judge


CONCUR:


 (Not participating) 
Paul G. Summers, Judge


_____
Joe G. Riley, Judge